UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TODD C. BANK, Individually and on
Behalf of All Others Similarly Situated,

    Plaintiff,

-against-

HYDRA GROUP LLC,

    Defendant.

Civil Action No.: 10-1770

**CLASS-ACTION
COMPLAINT**

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ APR 19 2010 ★
BROOKLYN OFFICE

GLEESON, J.

CARTER, M.J.

## PRELIMINARY STATEMENT

1.     Plaintiff, Todd C. Bank, brings this action individually and as a class action on behalf of all persons and entities to which Defendant, Hydra Group LLC, transmitted one or more unsolicited commercial electronic-mail advertisements as set forth in paragraphs "8" through "10" herein.

2.     Plaintiff's claims arise under California's Anti-Spam statute, which is codified at Section 17529 of the California Business and Professions Code ("Cal. Bus. & Prof. Code"). Plaintiff seeks, individually and on behalf of the Members of the Class, liquidated damages, attorney's fees, and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

4.     The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

## PARTIES

6.  Plaintiff, Todd C. Bank, was and is, at all relevant times herein, a citizen of the State of New York and a resident of the Eastern District of New York.

7.  Defendant, Hydra Group LLC, was and is, at all relevant times herein, a corporation organized and existing under the laws of Delaware, and maintains its executive offices at 8800 Wilshire Blvd, 2nd Floor, Beverly Hills, California 90211. Defendant is a citizen of Delaware and California.

## FACTS

8.  On or about January 22, 2010, and twice on or about January 27, 2010, Defendant transmitted, to Plaintiff, an "unsolicited commercial electronic-mail advertisement" ("UCEA"), as defined by Cal. Bus. & Prof. Code Sections 17529.1(c) and 17529.1(o).

9.  The UCEA that was transmitted to Plaintiff on or about January 22, 2010, contained the subject line: "ATTN:Your Auto Insurance Renewal Reminder Jan 21. 2010" (errors in original).

10. Each of the UCEAs that were transmitted to Plaintiff on or about January 27, 2010 contained the subject line: "ATTN:Your Auto Insurance Renewal Reminder Jan 27. 2010" (errors in original).

11. Defendant, with respect to at least one million e-mail addresses, engaged in the conduct set forth in paragraphs "8" through "10" herein.

12. Defendant knew that the subject line of the UCEA would likely be misleading to Plaintiff and the other recipients of the same UCEA, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message, such material fact being that the UCEAs concerned a specific insurance policy that the recipient already possessed, when, on the contrary, the UCEAs did not pertain to any recipient's specific policy.

13. The UCEAs were transmitted to Plaintiff and Members of the Class with neither "direct consent," as defined by Cal. Bus. & Prof. Code § 17529.1(d), nor with a "preexisting or current business relationship," as defined by Cal. Bus. & Prof. Code § 17529.1(l).

## COUNT I

14. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" inclusive of this Complaint as if fully set forth herein.

15. The transmission of the aforementioned "unsolicited commercial e-mail advertisements" to Plaintiff and Members of the Class violated Cal. Bus. & Prof. Code § 17529.5(a)(3).

16. Based upon the foregoing, Plaintiff and Members of the Class are entitled to liquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement transmitted in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3).

## CLASS ALLEGATIONS

17. Plaintiff brings this action individually, and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

18. The class does not include Defendant and its officers, employees, and representatives, and such individuals' families.

19. The class period begins four years prior to the commencement of this action and continues until the resolution of this action.

20. The class is defined as follows:

> all persons and entities to which Defendant, without having either obtained "direct consent," as defined by Cal. Bus. & Prof. Code § 17529.1(d), or having had a "preexisting or current business relationship," as defined by Cal. Bus. & Prof. Code § 17529.1(l), transmitted one or more commercial electronic-mail advertisements with the subject line containing "Your Auto Insurance Renewal

Reminder."

21. The Members of the Class are so numerous that joinder of all Members is impracticable.

22. There are more than 100,000 individuals and entities whose claims are similar to Plaintiff's claims, which are typical of the claims of the Members of the Class.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff's interests, for purposes of this litigation, are coincident with the interests of the Members of the Class and are not, in any way, antagonistic to, or in conflict with, the Members of the Class.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members of the Class is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Plaintiff knows of no impediments to the effective management of this action as a class action.

25. Common questions of law and fact predominate over questions that affect only individual Members of the Class, among which are:

   (i) whether Defendant transmitted "unsolicited commercial e-mail advertisements," as defined by Cal. Bus. & Prof. Code §§ 17529.1(c) and 17529.1(o);

   (ii) whether Defendant transmitted "unsolicited commercial e-mail advertisements" that contained a subject line that Defendants knew would be likely to mislead the recipients, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message, in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3);

   (iii) whether Cal. Bus. & Prof. Code § 17529.5(a)(3) is preempted by 15 U.S.C. § 7707(b); and

(iv)  whether Plaintiff and Members of the Class are entitled to liquidated damages of one thousand dollars ($1,000) for each of the aforementioned unsolicited commercial e-mail advertisements transmitted in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3)

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands Judgment against Defendants as follows:

(a)  Awarding Plaintiff and the Members of the Class statutory liquidated damages of one thousand dollars ($1,000), pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii), for each of Defendant's violations of Cal. Bus. & Prof. Code § 17529.5(a)(3); and

(b)  Awarding Plaintiff reasonable attorney's fees and costs pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(C), and such other and further relief as permitted by law.

Dated: April 19, 2010

Yours, etc.,

TODD C. BANK
119-40 Union Turnpike
Fourth Floor
Kew Gardens, New York 11415
(718) 520-7125
TB 6825

Attorney for Plaintiff

_____
TODD C. BANK