**MORRIS & FOX PC**
Stephen L. Fox
419 Park Avenue South, 16th Floor
New York, NY 10016
Telephone: (646) 670-8447
Facsimile: (646_ 670-8447 option 4
stephen.fox@morrisfoxlaw.com

Attorneys for Defendant **HYDRA GROUP LLC**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TODD C. BANK**, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        -against-<br><br>**HYDRA GROUP LLC**,<br><br>                              Defendant. | Case No. CV-10-01770 JG-ALC<br><br>**HYDRA GROUP LLC MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS, MOTION FOR MORE DEFINITE DATEMENT, AND MOTION TO STRIKE PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(B)(6), 12(E) AND 12(F)**<br><br>DATE: AUGUST 6, 2010<br>TIME: 12:00 P.M.<br>CTRM: 6C |

MORRIS & FOX P.C.
100 Williams Street, Suite 2003
New York, NY 10038
(646) 670 - 8447

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

**TABLE OF CONTENTS**

I.    INTRODUCTION…………………………………………………………...  4

II.   CERTIFICATION OF SATISFACTION OF PRACTICE RULE 2.A.i………  5

III   ARGUMENT……………………………………………………………… 5

   A.    Bank's Allegations About the Defendant Are Too Vague
         and Ambiguous To Permit Hydra to Respond…………………  5
         i.    Bank Does Not Identify the Emails at Issue……………  6
         ii.   Bank Has Not Explained Who Sent the Emails…………  7
         iii.  Bank Does Not Explain What Is Unlawful About the Emails  7

   B.  Bank's CAC Should be Dismissed under Fed. R. Civ. P. 12(b)(2)………….  8

   C.    Bank's CAC Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6)..  8
         i.    Bank's Claims Are Barred by the Statute of Limitations…….  8
         ii.   Bank Has Not Pleaded His Claims with Particularity………..  9
               a.    Bank Has Not Pleaded the Connection with the Alleged
                     Misconduct with Particularity………………………….  9
               b.    Bank Has Not Pleaded the Alleged Misrepresentations
                     with Sufficient Particularity…………………………...  10

         iii. The Emails Referenced in the CAC Contradict the Allegations
              that Defendant Advertised…………………………………….  10

   D. The CAC Is Replete with Immaterial and Scandalous Allegations……  11


IV. CONCLUSION……………………………………………………………..   12

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MORRIS & FOX PC
419 Park Ave S – 16th Flr
New York, NY  10016
(646) 670-8447

# TABLE OF AUTHORITIES

Ad Hoc Committee to Save Homer G Phillips Hosp v
   City of St Louis, 143 F.R.D. 216 (ED Missouri 1992)……………………………  12

Abraham v Volkswagon, 795 F.2d 238 (2s Cir 1986) …………………………….. 12

ASIS Internet Services v. Imarketing Consultants, Inc., No. 07-05357, 2008
WL 2095498, *8 (N.D. Cal. 2008) …………………………………………………… 9

ASIS Internet Services v. Optin Global, Inc. No. 05-514, 2008 WL 1902217,
*19 slip copy (N.D. Cal. April 29, 2008)   passim

Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996)……………….  5

Hale v. Harney, 786 F.2d 688, 692 (5th Cir. 1986)…………………………………  8

Hypertouch, Inc. v. Azoogle, 2009 U.S. Dist. LEXIS 25999 (ND Cal 2009)…….  9

Rodarte v. Philip Morris, Inc., No. 03-0353FMC(CTX), 2003 WL 23341208,
*2 (C.D. Cal. June 23, 2003)……………………………………………………..  8

Rombach v Chang, 355 F.3d 164 (2d Cir 2004)………………………………..  9

Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985)……………………………9

Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003)…………  9

NOTICE OF MOTION AND MOTION TO
DISMISS / DEFINITE STATEMENT/STRIKE

**STATUTES**

28 USC 1332(d)(2)(A)

EDNY Judge Gleeson Practice Rule 2.A.i.

California Business and Professions Code Section 17529.5 et seq. .. passim

Fed. R. Civ. P. 12(b)(2)

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 12(e)

Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 9(b)  passim

LEXSTAT 523 Moore's Federal Practice – Civil 23.44………………………11,12

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

CaseNo. CV-10-1770-JG-ALC

3

**NOTICE OF MOTION AND MOTION TO
DISMISS / DEFINITE STATEMENT/STRIKE**

## I.     INTRODUCTION

The infirmities plaguing Plaintiff Todd C. Bank's ("Bank") Class-Action Complaint ("CAC") are so numerous as to almost defy any attempt to catalog them. To begin with, the CAC is so confusing that Defendant Hydra Group LLC ("Hydra") cannot even figure out what it stands accused of doing. The Court must dismiss the CAC, or at least require a more definite statement, in order to give the Defendants a reasonable opportunity to defend themselves.

Hydra cannot figure out how Hydra is supposedly connected to the supposed "at least one million e-mail addresses".  As to the three (3) emails partially referenced in the CAC (referenced only as to date and subject line), no information was provided as to who supposedly sent these emails or how Hydra is connected with the sender(s) of these emails.  The CAC doesn't even make clear what emails are supposedly at issue. The CAC is not merely confusing, it is chaotic and unintelligible. The Court should dismiss the CAC, or at a minimum, Bank should be required to provide a more definite statement of its claims, so that Hydra can understand what it has been accused of.

Furthermore, even if Bank's claims were not chaotic, they would have to be dismissed for Bank's failure to sufficiently plead them. First, CAN-SPAM preempts state law claims to the extent those claims do not sound in fraud. Moreover, while Bank provides scant detail – and no exhibits -- regarding a hand-picked sample of three (3) emails, it fails to describe with any particularity why those or the other potential 1,000,000 emails at issue in the CAC (the "Emails") supposedly violate California law. Bank also fails to describe with any particularity the Defendant's role in "transmitting" the Emails, and specifically Hydra's intent to mislead each recipient of the "at least" 1,000,000 different Emails. By any standard, and in particular the heightened standard imposed by Federal Rule of Civil Procedure 9(b), those infirmities require that the CAC be dismissed.

Congress struck a balance in permitting states to enact their own anti-spam laws, finding that commercial email has both benefits and burdens. CAN-SPAM's savings clause only authorizes states to prohibit conduct sounding in fraud. The flip side of this coin is that states cannot pass laws that hold defendants liable for technical or inadvertent violations, or where a defendant is only tangentially connected to an unsolicited email. Bank seeks to skirt this issue by ascribing liability for all aspects of the "at least" 1,000,000 Emails, without providing any basis for this ascription. This is not

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

permissible.

Moreover, the fact that Bank's seeks to create a class action is scandalous as there is no support for any individual claim, much less the requirements of a class action.   For these reasons and the reasons set forth below, this Court should dismiss Bank's CAC in its entirety.

## II.   CERTIFICATION OF SATISFACTION OF PRACTICE RULE 2.A.i.

Plaintiff counsel Todd Bank granted an extension of time to respond to the CAC. Accordingly, Hydra submitted a pre-motion conference request pursuant to this Court's Practice Rule 2.A.i. (copy of letter attached as Exhibit B). On June 14, 2010, this Court Ordered that the instant motion be filed (Exhibit A).  On June 23, 2010, Plaintiff attorney Todd Bank, who is representing himself in this action, and counsel for Hydra, by Stephen Fox, had a telephonic informal meet-and-confer as to the instant motion.

## III.   ARGUMENT

A.   Bank's Allegations About Defendant Are Too Vague and Ambiguous To Permit Hydra to Respond.

Bank's claims should be dismissed. Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."  A motion for a more definite statement attacks unintelligibility and chaos in a pleading, not lack of detail. Bureerong v. Uvawas, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996). Such a motion is appropriate where the complaint fails to apprise the defendant of the substance of the claim being asserted against it. Id. This is the case with the CAC.

To describe the CAC as ambiguous would understate the degree to which it fails to apprise Hydra of the substance of Bank's claims. The CAC contains confusing and unconnected allegations that provides no discernible connection between Hydra and the alleged 1,000,000 Emails, which have not been provided or even described except as to three subject lines and dates.  Under those circumstances, it is simply impossible for Hydra to figure out what Bank has alleged, much less whether Hydra might bear any responsibility. A defendant is entitled to a more definite statement of the claims before

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

being required to defend a lawsuit.

      i.    Bank Does Not Identify the Emails at Issue.

Most glaring is the AC's failure to meaningfully describe the Emails supposedly at issue. Just like in any other lawsuit—whether for securities fraud or dog bites—the plaintiff is required to plead the substance of, and later to prove, each alleged violation. A plaintiff cannot plead and prove liability in bulk or by inference.

Yet, other than stating that it received "at least" 1,000,000 Emails, and only identifying the dates of three emails, all supposedly attributable to the Defendant, Bank has provided no meaningful information about, or even description of, the Emails. As suggested by the CAC, some of these 1,000,000 Emails supposedly advertised some entity's auto insurance renewal reminder. These 1,000,000 Emails supposedly contained subject lines designed to mislead a recipient. Bank has not included any examples of full emails, not included any electronic information, not included anything naming Hydra or any entity, not included any electronic or other documents indicating Hydra had anything to do with the emails, not included to whom the emails were addressed and not included any proposed class members.  Under those circumstances, how is Hydra even to know what 1,000,000 emails Bank is talking about?

Bank attempts to circumnavigate its pleading burden by describing the date and subject line of three (3) sample emails. Bank makes no attempt to explain, however, how this sample was selected, whether there was any statistical basis in doing so, or even whether these three (3) emails somehow represent the "at least" 1,000,000 other Emails. In fact, in describing these three (3) emails, Bank fails to provide any connection between the emails and Hydra. If Bank were alleging any other sort of misconduct, it would need to set forth the substance of every instance of misconduct. Just because this case concerns emails—and "at least" 1,000,000 of them at that—is no reason to lower the pleading bar.

As judging from the CAC, it is difficult if not impossible to imagine how this or any court would adjudicate Bank's lawsuit. Eventually, Bank will have to produce each of the "at least" 1,000,000 Emails and prove why each one violates Section 17529.5. Obviously such an exercise is impracticable, and would waste an inordinate amount of this Court's time and resources, all in the interest of enriching an industry-recognized professional spam plaintiff. In enacting Section 17529.5, the California legislature could

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

not have intended to sanction vague, conclusory pleadings all but designed to keep Defendants in the dark while exposing them to the costliest imaginable litigation.

ii.      Bank Has Not Explained Who Sent the Emails.

The CAC also fails to explain how the "at least" 1,000,000 Emails are attributable to Hydra, or whether each of the "at least" 1,000,000 Emails is attributable in the same way as the others. Bank does not identify who sent the Emails, or whether the same person sent each of the "at least" 1,000,000 Emails, or what that person's relationship was with Defendant. The most that Bank offers by way of connecting the Emails to Defendant is the bland allegation that "On or about January 22, 2010 and twice on or about January 27, 2010, Defendant transmitted, to Plaintiff, an "unsolicited commercial electronic-mail advertisement…" (CAC ¶8 .)  Bank adds that the emails contained the subject line "ATTN: Your Auto Insurance Renewal Reminder Jan 21[or 27]. 2010" but contained an unmentioned error in the original (CAC ¶¶ 9, 10).  Nor do Bank's three (3) sample emails establish any connection between Hydra and the "at least" 1,000,000 Emails. How is this vague description supposed to provide Hydra with any information about its alleged role with respect to those emails, let alone the "at least" 1,000,000 others? How does Bank attribute knowledge of any emails to Hydra? Without additional explanation and more specific allegations, Hydra cannot possibly mount a meaningful defense to the CAC.

iii.     Bank Does Not Explain What Is Unlawful About the 1,000,000 Emails.

Bank fails to explain whether and how Hydra "advertised" in each of the Emails, as required under Section 17529.5. Bank does not even allege that Hydra advertised in the partially referenced, but not provided, three (3) sample emails. Hydra is not an insurance company. How does Bank claim that Hydra advertised in this email? It is obvious from the face of the CAC that Bank has not analyzed the who, what, and why of the supposed "at least" 1,000,000 Emails that it has put at issue in this lawsuit. If Bank has performed any investigation that might justify its allegations—most made on knowledge— such investigation finds no reference in the CAC. It is the height of chaos to heap "at least" 1,000,000 separate transactions on the Court and Defendant and expect them to determine for themselves what violations might actually have been committed. Rule 11 forbids a party from filing a vague complaint in hopes that costly

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

and enterprise-wide discovery will later reveal some basis for liability. Hale v. Harney, 786 F.2d 688, 692 (5th Cir. 1986). The CAC is a prime example of an exploratory pleading prohibited by Rule 11. On that basis, the CAC should be dismissed unless and until Bank is able and willing to allege a more definite basis for Hydra's liability.

B.    Bank's CAC Should be Dismissed under Fed. R. Civ. P. 12(b)(2)

Bank's claim of jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) is fatally deficient because the case or controversy does not exceed the value of $5,000,000.  Plaintiff's personal claims amount to three (3) emails according to the CAC (CAC ¶¶8, 9 and 10). Even if this Court were to agree with Bank's allegations (which Hydra objects), the amount in controversy would only amount to $3,000.  No other persons are named as proposed class members, and Bank has failed to satisfy any of the requirements for a class action.

C. Bank's CAC Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6).

i.    Bank's Claims Are Barred by the Statute of Limitations.

Even if Bank had set forth its allegations in sufficiently definite terms, a significant number would be barred by the statute of limitations. The statute of limitations for a claim brought under California Business & Professions Code Section 17529.5 is three (3) years. Code of Civ. P. §338(a); see Rodarte v. Philip Morris, Inc., No. 03-0353FMC(CTX), 2003 WL 23341208, *2 (C.D. Cal. June 23, 2003) (distinguishing three-year Section 17500 statute of limitations from four-year Section 17200 statute of limitations.) In its CAC, Bank seeks damages for Emails it allegedly received more than three (3) years before the filing of its CAC: i.e. paragraph 19 of the CAC states the period begins four (4) years prior to the commencement of this action. Accordingly, to the extent Bank's Section 17529.5 claim seeks to recover damages for Emails it received prior to April 19, 2006, that claim must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

ii.    Bank Has Not Pleaded His Claims with Particularity.

To avoid CAN-SPAM's preemption clause, a state law must sound in fraud, targeting only intentional misrepresentations by a defendant that would mislead a

reasonable person. Accordingly, to the extent Section 17529.5 is not preempted by CAN-SPAM, Bank must allege its claims with particularity, under Federal Rule of Civil Procedure 9(b). Bank has failed to do so.  "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).  See also Hypertouch v. Azoogle, 2009 U.S. Dist. LEXIS 25999 (ND Cal 2009).

The allegations must be specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not simply deny that they have done anything wrong. See Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct alleged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003); see ASIS Internet Services v. Imarketing Consultants, Inc., No. 07-05357, 2008 WL 2095498, *8 (N.D. Cal. 2008) (applying heightened pleading standard to CAN-SPAM claim). See Rombach v Chang, 355 F.3d 164 (2d Cir 2004).

As discussed above, the CAC does not set forth what Defendant is supposed to have specifically done, or even what was supposed to have been done—much less with any degree of particularity. If this were any other fraud-related case, it is hard to imagine that the CAC would even have been filed. There is no reason to lower the pleading bar just because this action concerns emails, or because it alleges "at least" 1,000,000 violations. Accordingly, under Federal Rule of Civil Procedure 9(b), the CAC should be dismissed pending Bank's willingness and ability to plead its claims with sufficient particularity.

> a.  Bank Has Not Pleaded Defendant's Connection with the Alleged Misconduct with Particularity.

Under CAN-SPAM or Section 17529.5, a plaintiff cannot simply charge "Defendant" with the responsibility for sending the allegedly fraudulent emails. ASIS Internet Services v. Optin Global, Inc., No. 05-5124, 2006 WL 1820902, *4 (N.D. Cal. June 20, 2006).  In the instant action, Defendant is not an insurance company – it is a technology company – and Bank has failed to allege in which acts Hydra engaged that were alleged violations.  What does Bank mean by transmission? Is Hydra accused of hitting a button to transmit email? Is Hydra accused of creating email? Is Hydra accused

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

9

**NOTICE OF MOTION AND MOTION TO DISMISS / DEFINITE STATEMENT/STRIKE**

of passing along email?  Is Hydra accused of selling another entity an email list that was sent the many alleged emails? Ascribing to Defendant the act of sending the allegedly fraudulent email also runs afoul of Rule 9(b). Id. Moreover, a plaintiff must plead with particularity both the relationship as to its actions and supposed scienter. Id. at *4 . Bank has failed to do this here.

As discussed above, Bank fails to describe Defendant's role in the sending of the alleged Emails, much less any basis for its supposed scienter. The most that Bank offers is the unsupported and conclusory allegation that Hydra transmitted the emails. (CAC ¶¶8, 9, 10, 11).  Has Bank reviewed each of the "at least" 1,000,000 emails to make a determination that Hydra transmitted – whatever that term is intended to mean – the emails?  If so, why are the emails absent from the CAC?

As also described above, the CAC offers no explanation of why the partially referenced three (3)  emails are somehow representative of the "at least" 1,000,000 Emails, or how these three (3) emails are all attributable to Defendant. Because the CAC fails to explain or describe Defendant's supposed role in the alleged misconduct, much less with any degree of particularity, the CAC must be dismissed under Rule 9(b).

b.  Bank Has Not Pleaded the Alleged Misrepresentations with Sufficient Particularity.

Bank has also failed to describe the alleged misrepresentations in the 380,000 emails with the particularity required under Rule 9(b). Under Section 17529.5, a plaintiff must describe the actual misrepresentation in the email with particularity. ASIS Internet Services v. Optin Global, Inc., 2006 WL 1820902, at *4 , 9. As set forth above, Bank fails to explain with particularity how the "at least" 1,000,000  emails were misleading to all of the email recipients.  Bank provides no detail about these purported misrepresentations except to state a specific policy was not referenced.   Was this the case for all emails?  Did Bank review each and every email to make this determination? Does he know for sure that the email recipients did not have applicable insurance policies?  Bank also does not explain how he knows the "more than" 100,000 third parties – who are unnamed supposedly proposed class members (CAC ¶22) -- did not grant permission for emails. This is patently insufficient under Rule 9(b).

Finally, Bank has not described with particularity Defendant'' intentions to make the alleged misrepresentations. And because these elements sound in fraud, they must

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447

be pleaded with particularity. On that basis alone, the CAC should be dismissed.

     iii.     The Emails Incorporated in the CAC Contradict the Allegations that Defendant Advertised.

In the partially referenced three (3) sample emails of the CAC, Bank does not even allege that Defendant advertised its goods or services. This is a necessary pre-requisite to a Section 17529.5 claim. Bank's fails to provide any emails. Thus the CAC and the partially referenced emails cannot point to any specific mention of Defendant, or its products or services. Nor does Bank state that the emails contain any links to any website owned or operated by Hydra. There is no content. It's unclear how Bank can construe any referenced material as an advertisement of any sort, much less one attributable to Hydra.

Because Bank does not allege with any particularity that the brands, goods, or services identified in the Emails belong to the Defendant, the CAC must be dismissed.

C.     The CAC Is Replete with Immaterial, Scandalous Allegations.

Moore's Federal Practice succinctly sets forth why the inadequacies of Plaintiff's CAC merit dismissal: "Under Rule 23(b)(3), a class action may be maintained if the court finds both that common questions of law or fact predominate over questions affecting only individual members; and that a class action is superior to other available methods for resolving the controversy.

    The first issue, predominance, focuses on the number and significance of common questions, as compared to individual issues. Although commonality is a prerequisite for all class actions, the predominance requirement is unique to class actions certified under Rule 23(b)(3). The superiority analysis assesses the advantages and disadvantages of using the class-action device in relation to other methods of litigation.

Rule 23(b)(3) sets out guidelines for measuring predominance and superiority. It specifies that a court, in determining whether to certify a class under the Rule, should consider:

(a)     The interests of the class members in individually controlling their own litigation;

(b)     The nature and extent of any relevant, pending litigation brought by or against

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY 10016
(646) 670-8447

**NOTICE OF MOTION AND MOTION TO DISMISS / DEFINITE STATEMENT/STRIKE**

members of the class;

(c)     The desirability of concentrating the litigation in the particular forum, and

(d)     Difficulties likely to arise in managing the class action.

These guidelines reflect the purpose of a Rule 23(b)(3) class action, which is designed to be a means of achieving economies of time, effort, and expense." See LEXSTAT 5-23 MOORE'S FEDERAL PRACTICE - CIVIL § 23.44.  See also Ad Hoc Committee to Save Homer G Phillips Hosp v City of St Louis, 143 F.R.D. 216 (ED Missouri 1992). Abraham v Volkswagon, 795 F.2d 238 (2d Cir 1986).

        Bank has not included the emails supposedly alleged in the CAC.  Bank has not included any proposed class members, or identified any members or their claims with any specificity whatsoever.  Not even a date of an email.  Accordingly, it is wholly scandalous and immaterial to this action to mention class allegations --- not to mention that Plaintiff has failed to provide specificity and particularity as to his own allegations.


## IV. CONCLUSION

For all of the reasons set forth above, the Court should dismiss Bank's Class-Action Complaint in its entirety with prejudice, or in the alternative, require Bank to provide a more definite statement of his claims and/or strike the immaterial and scandalous allegations in the CAC, and for such other and further relief as this Court deems appropriate.

                                        Respectfully Submitted,


DATED:  June 28, 2010                   MORRIS & FOX, PC


                                        By: ___/s__ Stephen L. Fox_____

                                           Stephen L. Fox
                                           Attorney for Defendant
                                           Hydra Group LLC

MORRIS & FOX PC
419 Park Ave S - 16th Flr
New York, NY  10016
(646) 670-8447