# Morris & Fox PC

Attorneys at Law
419 Park Avenue South, 16th Floor
New York, New York 10016
(646) 670-8447

Stephen L. Fox
stephen.fox@morrisfoxlaw.com

June 10, 2010

Judge John Gleeson, USDCJ
225 Cadman Plaza East
Brooklyn, New York  11201

Re:   Bank v Hydra Group LLC
      Docket No. 1:10-cv-01770-JG-ALC

Honorable Sir:

We represent defendant Hydra Group, LLC in the above-referenced matter. The purpose of this correspondence is to comply with this Court's practice rule 2.A.i. by submitting the instant pre-motion conference request.  Plaintiff had granted Defendant the courtesy of an extension of time to respond to the Plaintiff's complaint. Defendant seeks permission from the Court to file a motion to dismiss pursuant to:

1. FRCP 12(b)(2) lack of personal jurisdiction;
2. FRCP 12(b)(6) failure to state a claim upon which relief can be granted;
3. FRCP 12(e) motion for a more definite statement;
4. FRCP 12(f) motion to strike and impertinent or scandalous matter (purported Class Action standing);

The undersigned respectfully submits brief reasoning for the requested motion, as to each prong of the requested motion.

   I.  FRCP 12(b)(2) lack of personal jurisdiction

Case law sets forth that the plaintiff bears the burden of proof on the necessary jurisdictional facts, such as the existence of "minimum contacts" between defendants and the forum state. When defendant's motion to dismiss is made as its initial response, plaintiff must make a prima facie showing that personal jurisdiction exists. In this context, a "prima facie" showing means that plaintiff has produced admissible evidence which, if believed, would be sufficient to establish the existence of personal jurisdiction. Cites omitted.

The exercise of personal jurisdiction must comport with constitutional due process. Pursuant to due process, a defendant is subject to jurisdiction within a state only if it has "minimum contacts" with that state, "such that the maintenance of the suit does not offend the traditional notion of fair play and substantial justice." International Shoe Co. v. Korea, 326 U.S, 310, 316 (1945).

The purpose of the "minimum contacts" requirement is to protect the defendant against the burden of litigation at a distant or inconvenient forum, and to ensure that states do not reach beyond the limits of their sovereignty imposed by their status in the federal system. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 - 292 (1980). The purposeful availment requirement ensures that defendants will not be "haled into a jurisdiction through

Re:   Bank v Hydra Group LLC
      Docket No. 1:10-cv-01770-JG-ALC
      June 10, 2010
      Page 2 of 2

'random,' 'fortuitous,' or 'attenuated' contacts.'" Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475, 85 L. Ed. 2d 528, 105 S. Ct. 2174 (1985). The central concern of the jurisdiction inquiry is the relationship between the defendant, the forum, and the litigation. Shaffer v. Heitner, 433 U.S. 186, 204 (1977). Applying the foregoing standards to the instant motion requires dismissing this lawsuit.

Plaintiff further fails to set forth specific jurisdiction. Specific jurisdiction is satisfied only if the defendant has "purposefully directed" its activities at residents of the forum. Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984) (emphasis added). Additionally, the litigation must result from injuries that "arise out of or relate to" those activities. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

Plaintiff also fails to set forth general jurisdiction. General jurisdiction exists when a defendant is domiciled in the forum state or when its activities there are "substantial" or "continuous and systematic." Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984). The standard for establishing general jurisdiction requires that the defendant's contacts be of the sort that approximate physical presence. Plaintiff cannot establish that Defendant had "substantial" and "continuous and systematic" activities within the forum state.

II.   FRCP 12(b)(6) failure to state a claim

Plaintiff's claims in the complaint as to "misrepresentation" and "misleading" emails sound in fraud, and therefore must be plead pursuant to FRCP 9(b). Moreover, Plaintiff has failed to set forth a satisfactory description of the basis for the alleged claims.

III.  FRCP 12(e) motion for a more definite statement

Plaintiff has not adequately described the emails in question. None have been provided in electronic format (or any other format). Defendant simply cannot prepare a defense or identify the emails at issue based upon the limited allegations / evidence / materials referenced in the Complaint.

IV. FRCP 12(f) motion to strike and impertinent or scandalous matter (purported Class
     Action standing)

Plaintiff has failed to set forth any cognizable or acceptable class action claim.

Accordingly, defendant respectfully requests that this Court grant permission to submit motions pursuant to FRCP 12 as described, in brief, in this correspondence.

Respectfully submitted,

MORRIS & FOX PC

Stephen L. Fox

cc:  Plaintiff