| UNITED STATES DISTRICT COURT | ONLINE PUBLICATION ONLY |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------x
TODD C. BANK, individually and on
behalf of all others similarly situated,

                      Plaintiff,              MEMORANDUM AND ORDER

      -against-                      10-CV-1770 (JG)

HYDRA GROUP LLC,

                      Defendant.
-----------------------------------------------------------x
A P P E A R A N C E S:

    TODD C. BANK
        119-40 Union Turnpike, 4th Floor
        Kew Gardens, New York 11415
        *Plaintiff* Pro Se

    MORRIS & FOX PC
        419 Park Avenue South, 16th Floor
        New York, New York 10016
    By:   Stephen L. Fox
        *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Todd Bank brings this putative class action against Hydra Group LLC, claiming that it sent him and others unsolicited commercial e-mail advertisements in violation of section 17529.5(a)(3) of the California Business & Professional Code. Hydra Group moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b) for lack of personal jurisdiction and failure to state a claim. I do not decide Hydra Group's motion because this Court does not have subject-matter jurisdiction over the action; I therefore dismiss it on that basis instead.

## BACKGROUND

        Bank, a New York citizen, alleges that Hydra Group, a company incorporated in Delaware and headquartered in California, sent him three unsolicited advertisements by e-mail,

the first on or about January 22, 2010, and the second and third on or about January 27, 2010. The messages were substantially similar. The subject lines all contained the phrase "ATTN: Your Auto Insurance Renewal Reminder," but the bodies contained only advertisements for an auto insurance broker. Bank alleges that his e-mail address was one of at least one million to which Hydra Group simultaneously sent each message.[1]

Bank filed this suit on April 19, 2010 on behalf of himself and others who received the messages. He claims that the transmissions violated section 17529.5(a)(3) of the California Business & Professional Code, which makes it unlawful for any person or entity to send a commercial e-mail advertisement from California or to a California e-mail address if the advertisement "has a subject line that a person knows would be likely to mislead a recipient, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message." He does not allege any injury to himself or any putative class member arising from the transmissions and seeks as relief only liquidated damages as provided for in the statute.

DISCUSSION

Although neither party disputes that the Court has subject-matter jurisdiction over the action, I am nevertheless obligated to independently assure myself that it does. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Dean v. Blumenthal*, 577 F.3d 60, 64 (2d Cir. 2009).

Bank asserts jurisdiction pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), which extends federal jurisdiction to class actions in which the amount in controversy exceeds the value of $5 million, exclusive of interest and costs, and which are

---

[1] When pressed at oral argument for his good faith basis for alleging that the messages were each sent to one million addresses, as opposed to some other, perhaps much lower, number, Bank could offer no more than a vague assertion of his general knowledge of "the industry."

brought on behalf of at least 100 plaintiffs, including at least one plaintiff who is not a citizen of the same state as any defendant. But even accepting the factual allegations in the complaint as true, the amount in controversy in this action does not exceed $5 million. Bank alleges at most three transmissions by Hydra Group of an advertisement to one million e-mail addresses, and he claims liquidated damages of $1000 for each unsolicited message sent in those transmissions. Bank contended at oral argument that he had alleged damages far in excess of the jurisdictional minimum and suggested that, if the suit succeeded, class members would be entitled to liquidated damages of $3 billion -- $1000 for each of the 3 million messages Hydra Group allegedly sent.

The statute under which Bank sues, however, limits liquidated damages to $1 million per "incident." Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii) (authorizing recovery of "[l]iquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement transmitted in violation of this section, up to one million dollars ($1,000,000) per incident"). The statute defines incident as "a single transmission or delivery to a single recipient *or to multiple recipients* of an unsolicited commercial e-mail advertisement containing substantially similar content." *Id.* § 17529.1(j) (emphasis added). Thus, even if Hydra Group executed the three alleged transmissions in violation of the statute, the recipients of the messages sent in those transmissions -- whether one person or a million -- are entitled to no more than $3 million in liquidated damages.

Bank argues that the plain language of the statute limits to $1 million a particular plaintiff's per-incident recovery, not a defendant's per-incident liability. *See id.* § 17529.5(b)(1)(B) ("*A person or entity bringing an action* . . . may recover . . . [l]iquidated damages of . . . up to one million dollars ($1,000,000) per incident." (emphasis added)). I disagree, as such a strict reading is not a reasonable construction of the liability-limiting

provision. First, if the liability-limiting provision is interpreted as Banks suggests it should be, it would rarely, if ever, limit a plaintiff's recovery. A plaintiff would have to receive more than 1000 unsolicited messages of substantially similar content from the same defendant in a single transmission to trigger the provision. On the other hand, if the provision is read as a cap on a defendant's per-incident liability, it would be triggered more frequently -- whenever a defendant sent more than a thousand messages of substantially similar content in a single transmission, whether the messages went to one recipient or many more.

Furthermore, the statute evinces an intent to limit a defendant's liability even further if the defendant has made efforts to comply with it. In the case of a defendant that has "established and implemented, with due care, practices and procedures reasonably designed to effectively prevent unsolicited commercial e-mail advertisements that are in violation of this section," the statute limits liquidated damages to $100,000 per incident. *Id.* § 17529.5(b)(2). This reduced cap would provide far less of a reward, and therefore far less of an incentive, for defendants to avoid sending spam if, instead of limiting a defendant's total liability for each transmission, it merely limited the amount a defendant had to pay to each plaintiff. For this reason as well, the damages provision is best interpreted as a limit on total liability rather than individual recovery.

Finally, as mentioned, the provision at issue is supposed to limit a defendant's liability for sending e-mails in violation of the statute. In this case, the subject line of the challenged e-mail messages allegedly misled the recipients into believing that the messages were about their existing auto insurance policies, when in fact they were advertisements for an insurance broker. I have difficulty conceiving of a statutory provision, concededly intended to limit liability in at least some cases, that nevertheless fails to operate in this case -- thus

4

permitting the recovery of *$3 billion* in damages for the receipt of misleadingly labeled insurance advertisements. The inartful drafting of the provision is no justification for such a bizarre result.

Accordingly, I find that Bank has not sustained his burden of showing that this Court has subject-matter jurisdiction to hear this action. *See DiTolla v. Doral Dental IPA of New York*, 469 F.3d 271, 275 (2d Cir. 2006) (holding that the Class Action Fairness Act did not alter the traditional rule that the party asserting federal jurisdiction bears the burden of proving it).

## CONCLUSION

The action is dismissed for lack of subject-matter jurisdiction.

So ordered.

John Gleeson, U.S.D.J.

September 24, 2010
Brooklyn, New York