TODD C. BANK, individually and on behalf of
all others similarly situated,

                     Plaintiff,

        - versus -

HYDRA GROUP LLC,

                     Defendant.

MEMORANDUM
AND ORDER
10-CV-1770

A P P E A R A N C E S

     TODD C. BANK
         119-40 Union Turnpike, Fourth Floor
         Kew Gardens, New York 11415
         *Plaintiff* Pro Se

     MORRIS & FOX PC
         419 Park Avenue South, 16th Floor
         New York, New York 10016
   By:   Stephen Lawrence Fox
         *Attorneys for Defendant*

JOHN GLEESON, United States District Judge:

        Todd Bank brings this putative class action against Hydra Group LLC ("Hydra"), claiming that it sent him and others unsolicited commercial email advertisements in violation of § 17529.5(a)(3) of the California Business and Professional Code. Bank seeks an award of liquidated damages of $1,000 for each of the three emails Hydra sent to him and the over one million emails Hydra sent to the class. Hydra moves to dismiss pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), for a more definite statement pursuant to FRCP 12(e) and 9(b), and to strike Bank's class action allegations pursuant to FRCP 12(f). Without addressing the merits of the other motions filed by Hydra, I grant its motion to dismiss the complaint.

BACKGROUND

According to the complaint, whose nonconclusory factual allegations I assume to be true for the purposes of this motion, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009), the dispute in this cases arises from the following:

On or about January 22, 2010, Hydra transmitted to Bank and at least one million other email addresses an email with the subject line "ATTN: Your Auto Insurance Renewal Reminder Jan 21. 2010." Compl. ¶¶ 8-9, 11. On or about January 27, 2010 Hydra transmitted to Bank and at least one million other email addresses two additional emails, both of which had the subject line "ATTN: Your Auto Insurance Renewal Reminder Jan 27. 2010." Compl. ¶¶ 8, 10-11. Despite their subject lines, these emails did not pertain to any recipient's specific insurance policy. Compl. ¶ 12.

On April 19, 2010 Bank filed this action against Hydra for violations of § 17529.5(a)(3) on behalf of himself and the class of individuals who received unsolicited emails from Hydra entitled "Your Auto Insurance Renewal Reminder." He invoked federal jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)(A), alleging that the matter in controversy exceeded $5 million. In a memorandum and order dated September 24, 2010, I granted Hydra's motion to dismiss the complaint, finding that the Court lacked jurisdiction to entertain the action because the matter in controversy was less than $5 million. On appeal, the Second Circuit vacated my order and remanded for further proceedings. The parties are now before me again, this time on Hydra's motion to dismiss, for a more definite statement, and to strike Bank's class action allegations.

DISCUSSION

A.  *Standard of Review for a Motion to Dismiss*

To survive a motion to dismiss, a complaint must "contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining the plausibility of a claim at this stage, "[a]lthough . . . we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 1950-51 (quoting *Twombly*, 550 U.S. at 555). Thus the first step on a motion to dismiss is to "identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. Putting those conclusory allegations aside, I must deny the motion to dismiss if the facts alleged, assumed as true, "allow[] the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Id.* at 1949.

B.   *Analysis*

The California Business and Professional Code (the "Act") makes it unlawful for a person or entity to: (1) "advertise" (2) "in a commercial e-mail advertisement" (3) "either sent from California or sent to a California electronic mail address" (4) when the "person knows" (5) that its subject line "would be likely to mislead a recipient, acting reasonably under the circumstances" (6) "about a material fact regarding the contents or subject matter of the message." Cal. Bus. & Prof. Code § 17529.5(a)(3). To bring a private action for a violation of the Act, a plaintiff must be a "recipient of an unsolicited commercial e-mail advertisement." § 17529.5(b)(1)(A)(iii). Because Bank has failed to plead factual information that allows the Court to reasonably infer that he has a claim to relief under the Act, I dismiss the complaint.

First, Bank has failed to allege sufficient factual matter to plausibly establish that any of the emails in question was "a commercial e-mail advertisement." Although Bank asserts

3

that all of the emails were, Compl. ¶ 8-10, this assertion is a legal conclusion that is not entitled to a presumption of truth. *See Iqbal*, 556 U.S. at 1950. The Act defines a "commercial e-mail advertisement" as "any electronic mail message initiated for the purpose of advertising or promoting the lease, sale, rental, gift offer, or other disposition of any property, goods, services, or extension of credit." § 17529.1(c). Bank's complaint provides no factual information regarding the contents of the emails at issue -- apart from the fact that they did not pertain to any recipient's specific auto insurance policy -- or the intent of the sender(s), and Bank does not attach to his complaint a copy of any of the emails. Without any such information, I cannot reasonably infer that the emails were "initiated for the purpose of advertising or promoting" such that they constitute commercial e-mail advertisements.

Second, and relatedly, the complaint fails to plausibly establish that Hydra "advertise[d]." Bank asserts that Hydra "transmitted" the emails in question, but "transmitt[ing]" an email does not always constitute "advertis[ing]" in an email. If Hydra's act of transmitting the emails took the form of *sending* the emails, as Bank suggested at oral argument held on December 22, 2011, then its transmission would amount to advertising -- assuming that the emails sent featured advertisements or promotions. *See Hypertouch v. ValueClick, Inc.*, 123 Cal. Rptr. 3d 8, 19 (Ct. App. 2011). However, in light of the many different possible meanings of the word "transmitted," the fact that Hydra transmitted an email, unadorned by information regarding the *manner* or *form* of the transmission, is insufficient to reasonably raise the inference that Hydra advertised within the meaning of the Act. Indeed, the Act specifically exempts from its scope the "routine transmission" of e-mail advertisements, § 17529.5(b)(1)(D), defined as "the transmission, routing, relaying, handling, or storing of an electronic mail message through an automatic technical process," § 17529.1(n). Similarly, although Hydra would have advertised

(regardless of how it transmitted the emails or who sent them) if the emails *featured* Hydra's own products, *see Hypertouch*, 123 Cal. Rptr. 3d at 19; *Asis Internet Servs. v. Optin Global, Inc.*, No. C 05-5124, 2006 WL 1820902, at *6 (N.D. Cal. June 30, 2006), I have no information about the content of the emails. The factual allegations in the complaint are thus insufficient to establish that Hydra advertised.

Third, Bank's factual allegations fail to plausibly establish that the emails at issue were "either sent from California or sent to a California electronic mail address." Although the complaint states that Hydra maintains its executive offices in California, it does not allege that Hydra sent the emails, as just discussed. No other allegations in the complaint pertain to the state from which or to which the emails were sent.[1] The complaint is thus insufficient on this basis as well.

Hydra identifies several other grounds that it argues warrant dismissal of the complaint, including that the provision of the Act upon which Bank sues has been preempted by the Controlling the Assault of Non-Solicited Pornography and Marketing Act of 2003, 15 U.S.C. § 7701 *et seq.*, and that the higher pleading requirements of FRCP 9 apply to the complaint and are unsatisfied. I do not reach these arguments, or Hydra's other arguments about whether I should certify a class in this case or whether I should require Bank to amend his pleadings, because I find the complaint fails to meet even the basic pleading requirements of FRCP 8 and thus must be dismissed.

---

[1] At oral argument Bank argued that his allegation that Hydra transmitted "unsolicited commercial electronic-mail advertisement[s]," Compl. ¶ 8, as that term is defined in §§ 17529.1(c) and 17529.1(o), implicitly alleged that the emails were "either sent from California or sent to a California electronic mail address." Nothing in the definition of "unsolicited commercial e-mail advertisement" as set forth in §§ 17529.1(c) and 17529.1(o) has to do with the geographical origin or destination of such email, and thus I cannot accept Bank's suggestion that the origin or destination of the emails in question was implicit in his allegation. Regardless, a plaintiff's pleading burden under *Iqbal* is not satisfied by implicit suggestions within conclusory allegations.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed in its entirety. At oral argument, Bank requested leave to replead in the event I granted the motion to dismiss. If Bank still wishes to attempt to plead a viable claim, he may file an amended complaint on or before January 10, 2012.

So ordered.


John Gleeson, U.S.D.J.

Dated: December 27, 2011
      Brooklyn, New York