UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated,<br><br>                                  *Plaintiff*,<br><br>        -against-<br><br>HYDRA GROUP LLC,<br><br>                                  *Defendant*. | 1:10-cv-01770-JG-RML<br><br>**AMENDED<br>CLASS-ACTION<br>COMPLAINT** |

**PRELIMINARY STATEMENT**

      1.      Plaintiff, Todd C. Bank, brings this action individually and as a class action on behalf of all persons and entities to which Defendant, Hydra Group LLC, transmitted one or more unsolicited commercial electronic-mail advertisements as set forth in paragraphs "8" through "10" herein.

      2.      Plaintiff's claims arise under California's Anti-Spam statute, which is codified at Section 17529 of the California Business and Professions Code ("Cal. Bus. & Prof. Code"). Plaintiff seeks, individually and on behalf of the Members of the Class, liquidated damages, attorney's fees, and costs.

**JURISDICTION AND VENUE**

      3.      This Court has jurisdiction under 28 U.S.C. § 1332(d)(2)(A).

      4.      The matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

      5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(2).

**PARTIES**

6.     Plaintiff, Todd C. Bank ("Bank"), was and is, at all relevant times herein, a citizen of the State of New York and a resident of the Eastern District of New York.

7.     Defendant, Hydra Group LLC ("Hydra"), was and is, at all relevant times herein, a corporation organized and existing under the laws of Delaware, and maintains its principal place of business at 8800 Wilshire Boulevard, 2nd Floor, Beverly Hills, California 90211.

**FACTS**

8.     On or about January 22, 2010, and twice on or about January 27, 2010, Hydra sent, from California, an electronic-mail message ("e-mail") to Bank. Chronologically ordered copies of these e-mails are annexed hereto as Exhibits "A," "B," and "C."

9.     Each of the e-mails contained the following subject line: "ATTN:Your Auto Insurance Renewal Reminder," followed by " Jan 21. 2010" with respect to the e-mail that was sent on or about January 22, 2010 and "Jan 27, 2010" with respect to each of the e-mails that were sent on or about January 27, 2010.

10.    The body of the e-mails stated in full:

> QUOTE WIZARD
>
> My auto insurance company flew me to Maui!
>
> CLICK HERE
>
> I took the $487 I saved with QuoteWizard.com and bought a plane ticket to Hawaii.
>
> What will you do with the money you save?
>
> REQUEST QUOTES
>
> You Deserve Better Rates!

> At Quote Wizard, we think that your auto insurance company owes you a break—you deserve it! This summer, save some cash by comparing auto insurance rates and treat yourself right. A vacation? A new T.V.? A special gift? When you save 40%, you can splurge!
>
> After you fill out our simple online form, you'll receive quotes from the top providers in the nation. You can select a better policy and get a refund on your old policy the same day. That means money in your pocket right now. Request quotes today.
>
> This is an advertisement from QuoteWizard.com. If you wish to no longer receive e-mails, click here. Or send postal mail to: QuoteWizard.com, 157 Yesler Way, Suite 400, Seattle, WA 98104.
>
> Click Here To
> UNSUBSCRIBE
>
> WE'RE SORRY TO SEE YOU GO
>
> Entourage Media Inc.
> PO Box 515381 #35260
> Los Angeles, CA 90051
> United States
> Tel +1(888) 445-9246

11.   Plaintiff received each of the e-mails in this District.

12.   Hydra sent the e-mails on behalf of a person or entity that holds itself out as "QuoteWizard.com."

13.   The e-mails were sent for the purpose of advertising or promoting the sale of automobile insurance.

14.   Bank, prior to his receipt of the e-mails, had not provided direct consent to either Hydra or QuoteWizard.com to receive the e-mails.

15.   Bank, prior to his receipt of the e-mails, had not made an inquiry regarding products or services offered by either Hydra or QuoteWizard.com.

16.   Bank, prior to his receipt of the e-mails, had not provided his e-mail address to either

Hydra or QuoteWizard.com.

17. Bank, prior to his receipt of the e-mails, had not made an application, purchase, or transaction, with or without consideration, regarding products or services offered by either Hydra or QuoteWizard.com.

18. To at least one million e-mail addresses during the period beginning one year prior to the commencement of this action and continuing to the present, Hydra has sent, from California, e-mails that contained the same subject line that appeared in the e-mails that Hydra sent to Bank (with the exception that the date in the subject line, in many cases, might have differed from either of the dates that appeared in the subject line of the e-mails that Hydra sent to Bank) and the same body as did the e-mails that Hydra sent to Bank.

19. At least one million or more e-mail addresses to which Hydra sent the e-mails described in the preceding paragraph belonged to persons or entities that, prior to their receipt of the e-mails that Hydra sent to them, had not provided direct consent to Hydra or QuoteWizard.com to receive the e-mails; had not made an inquiry regarding products or services offered by either Hydra or QuoteWizard.com; had not provided their e-mail addresses to either Hydra or QuoteWizard.com; and had not made an application, purchase, or transaction, with or without consideration, regarding products or services offered by either Hydra or QuoteWizard.com.

20. Hydra knew that the subject line of the e-mails would likely be misleading to Bank and the other recipients of the same e-mails, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message, such material fact being that the e-mails concerned a specific insurance policy that the recipient already possessed, when, on the contrary, the body of the e-mails clearly did not pertain to any recipient's specific policy but was an advertisement concerning automobile insurance generally.

## COUNT I

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "20" inclusive of this Complaint as if fully set forth herein.

22. The sending of the aforementioned e-mails to Plaintiff and Members of the Class violated Cal. Bus. & Prof. Code § 17529.5(a)(3).

23. Based upon the foregoing, Plaintiff and Members of the Class are entitled to liquidated damages of one thousand dollars ($1,000) for each unsolicited commercial e-mail advertisement that Defendant sent in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3).

## CLASS ALLEGATIONS

24. Bank brings this action individually, and as a class action pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3).

25. The class period begins one year prior to the commencement of this action and continues until the resolution of this action ("Class Period").

26. The class is defined as follows:

> all persons and entities to which Defendant, during the Class Period, sent one or more commercial electronic-mail advertisements as described in paragraphs "8" through "10" herein, excluding Defendant's officers, directors, and employees

27. The Members of the Class are so numerous that joinder of all Members is impracticable.

28. There are more than 100,000 individuals and entities whose claims are similar to Bank's claims, which are typical of the claims of the Members of the Class.

29. Bank would fairly and adequately protect the interests of the Class. Bank's interests, for purposes of this litigation, are coincident with the interests of the Members of the Class and are

not, in any way, antagonistic to, or in conflict with, the Members of the Class.

30. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because the Class is so numerous that joinder of all Members of the Class is impracticable, and because the damages suffered by most of the individual Members of the Class are too small to render prosecution of the claims asserted herein economically feasible on an individual basis, the expense and burden of individual litigation makes it impractical for Members of the Class to adequately address the wrongs complained of herein. Bank knows of no impediments to the effective management of this action as a class action.

31. Common questions of law and fact predominate over questions that affect only individual Members of the Class, among which are:

(i) whether Defendant sent, from California, "unsolicited commercial e-mail advertisements" as defined by Cal. Bus. & Prof. Code §§ 17529.1(c) and 17529.1(o);

(ii) whether Defendant sent "unsolicited commercial e-mail advertisements" that contained a subject line that Defendants knew would be likely to mislead the recipients, acting reasonably under the circumstances, about a material fact regarding the contents or subject matter of the message, in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3); and

(iii) whether Plaintiff and the Members of the Class are entitled to liquidated damages of one thousand dollars ($1,000) for each of the aforementioned unsolicited commercial e-mail advertisements sent in violation of Cal. Bus. & Prof. Code § 17529.5(a)(3)

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands Judgment against Defendant as follows:

(a) Awarding Plaintiff and the Members of the Class statutory liquidated damages of one thousand dollars ($1,000), pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(B)(ii), for each of Defendant's violations of Cal. Bus. & Prof. Code § 17529.5(a)(3); and

  (b) Awarding Plaintiff and the Members of the Class reasonable attorney's fees and costs pursuant to Cal. Bus. & Prof. Code § 17529.5(b)(1)(C), and such other and further relief as permitted by law.

Dated: December 29, 2011

                 Yours, etc.,

                 TODD C. BANK
                 119-40 Union Turnpike
                 Fourth Floor
                 Kew Gardens, New York 11415
                 (718) 520-7125
                 TB 6825

                 Attorney for Plaintiff

                 s/ *Todd C. Bank*
                 _____
                 TODD C. BANK