**MORRIS & FOX PC**
Stephen L. Fox (SF 9042)
419 Park Avenue South, 16th Flr
New York, New York 10016
Telephone: 646-670-8447
Facsimile: 646-217-3731

Attorneys for Defendant HYDRA GROUP LLC

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

| | |
|---|---|
| TODD C. BANK, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:10-CV-01770-JG-RML |
| Plaintiff, | **ANSWER TO AMENDED CLASS-ACTION COMPLAINT WITH AFFIRMATIVE DEFENSES** |
| -against- | |
| HYDRA GROUP LLC, | |
| Defendant. | |

------------------------------------------------------------------ x

Defendant Hydra Group LLC ("Hydra" or "Defendant") by and through his counsel, Morris & Fox PC, as and for his Answer to Plaintiffs' Amended Class-Action Complaint ("Complaint"), denies each and every allegation not specifically addressed herein, and admits, avers and denies as set forth below:

**PRELIMINARY STATEMENT**

1. Defendant denies the allegations contained in paragraph 1 of the Complaint insofar as these allegations refer to Defendant.

2. The allegations contained in the first sentence of paragraph 2 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same. Defendant denies the allegations contained in the second sentence of paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3. The allegations contained in paragraph 3 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

4. Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. The allegations contained in paragraph 5 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

## PARTIES

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Defendant denies the allegations contained in paragraph 7 of the Complaint as to being a corporation, but admits it is a limited liability company.

## FACTS

8. Defendant denies the allegations contained in paragraph 8 of the Complaint. Defendant further sets forth that Exhibits "A," "B" and "C" are only printed copies and not the actual alleged electronic emails and are therefore insufficient as evidence.

9. Defendant denies the allegations contained in paragraph 9 of the Complaint as to the sending of emails. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint as to the substance of any creative as Plaintiffs have failed to provide actual electronic evidence.

10. Defendant denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in paragraph 10 of the Complaint as to the substance of any creative as Plaintiffs have failed to provide actual electronic evidence. Moreover, Plaintiffs have failed to provide evidence as to any links in the alleged emails.

11. Defendant denies the allegations contained in paragraph 11 of the Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

12. Defendant denies the allegations contained in paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in paragraph 13 of the Complaint. Certain of the allegations contained in paragraph 13 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

14. Defendant denies the allegations contained in paragraph 14 of the Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Certain of the allegations contained in paragraph 14 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same

15. Defendant denies the allegations contained in paragraph 15 of the Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

16. Defendant denies the allegations contained in paragraph 16 of the Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

17. Defendant denies the allegations contained in paragraph 17 of the

MORRIS & FOX PC
419 Park Ave South 16th Flr
New York, NY 10016
(646) 670-8447

Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Certain of the allegations contained in paragraph 17 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same

18. Defendant denies the allegations contained in paragraph 18 of the Complaint. Defendant submits that Plaintiffs have failed to provide any evidence of the allegations regarding "one million e-mail addresses." Certain of the allegations contained in paragraph 18 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same

19. Defendant denies the allegations contained in paragraph 19 of the Complaint insofar as these allegations refer to Defendant and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations. Defendant submits that Plaintiffs have failed to provide any evidence of the allegations regarding "one million e-mail addresses." Certain of the allegations contained in paragraph 19 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same

20. Defendant denies the allegations contained in paragraph 20 of the Complaint. Certain of the allegations contained in paragraph 20 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

## COUNT I

21. Defendant repeats and incorporates each and every response to paragraphs 1 through 20, inclusive, with the same force and effect as if fully set forth herein.

22. The allegations contained in paragraph 22 of the Complaint call for a conclusion of law to which no response is required. To the extent that a

response is required, Defendant denies same.

23. Defendant denies the allegations contained in paragraph 23 of the Complaint. Certain of the allegations contained in paragraph 23 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

## CLASS ALLEGATIONS

24. The allegations contained in paragraph 24 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

25. The allegations contained in paragraph 25 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

26. The allegations contained in paragraph 26 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

27. The allegations contained in paragraph 27 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

28. The allegations contained in paragraph 28 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

29. The allegations contained in paragraph 29 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

30. The allegations contained in paragraph 30 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

MORRIS & FOX PC
419 Park Ave South 16th Flr
New York, NY 10016
(646) 670-8447

31. The allegations contained in paragraph 31 of the Complaint call for a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies same.

## AFFIRMATIVE DEFENSES

Defendant sets forth below his affirmative defenses. Each defense is asserted as to all causes of action unless otherwise noted. By setting forth these affirmative defenses, Hydra does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an acknowledgment that any particular issue or subject matter is relevant to Plaintiffs' allegations.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

32. Plaintiffs have failed to state a cause of action upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

33. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs knowingly assumed the risks it now complains of.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

34. To the extent Defendant is found liable for violating California law, Plaintiffs assumed the risk and contributed to their own damages.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

35. Any recovery herein by Plaintiffs is barred by the doctrine of *in pari delicto*, because Plaintiffs bear fault for the damages they suffered.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

36. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to use ordinary care and diligence to take all necessary steps to mitigate and minimize any damages, if any, Plaintiffs claim to have sustained and for which Plaintiffs seek recovery in this action.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

37. If Plaintiffs have sustained any injuries or incurred any adverse effect or losses, such adverse effect or losses, if any, were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by Hydra and for which Hydra is not liable.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

38. Any loss, injury or damage incurred by Plaintiffs was proximately caused by the acts of third parties or non-parties whom Defendant neither controlled nor had the right to control.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

39. Plaintiffs' damages, if any, were proximately caused by Plaintiffs and/or other Parties and, therefore, require an allocation of fault.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

40. Plaintiffs invited and consented to the acts of Hydra alleged in the Complaint.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

41. The allegations contained in Plaintiffs' Complaint fail to confer personal jurisdiction over Defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

42. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands and Plaintiffs should be stopped from bringing this lawsuit.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

43. Plaintiffs' claims are barred, in whole or in part, under the doctrine of pre-emption.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

44. Plaintiffs' action is barred by the principles of collateral estoppel.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

45. Plaintiffs waived any claim or cause of action against Defendant for the acts alleged in the Complaint.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

46. Plaintiffs have failed to bring this action in the appropriate venue.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

47. Plaintiffs have failed to set forth evidence sufficient to demonstrate a good faith basis to commence a class action complaint.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

48. Plaintiffs fail to set forth common questions of law and fact regarding a proposed class action.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

49. Plaintiffs fail to provide electronic evidence as to alleged emails.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

50. The alleged emails were properly sent.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

51. Plaintiffs intentionally received the alleged emails for the purpose of commencing lawsuits.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

52. All statements, including but not limited to, the e-mails and the contents of the e-mails are not actionable as a matter of law.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

53. Plaintiffs have not suffered any damages.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

54. One or more Plaintiffs lack standing.

**WHEREFORE**, Defendant Hydra demands judgment dismissing the Amended Class-Action Complaint in its entirety, and for such other and further relief as the Court

may deem just and proper, including but not limited to the costs of the instant action.

Dated:     New York, New York
               February 7, 2012

**MORRIS & FOX, P.C.**

By:    /s/
      STEPHEN L. FOX

Attorneys for Defendant
Hydra Group LLC

MORRIS & FOX PC
419 Park Ave South 16th Flr
New York, NY 10016
(646) 670-8447

Case No. 1:10-CV-01770-JG-RML       8       **ANSWER TO AMENDED COMPLAINT**